24 F.3d 245
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 FDIC as Receiver for INDEPENDENCE BANK, Plaintiff,
and
Fulvio Dobrich, Plaintiff-Appellant,
v.
CHUBB CUSTOM INSURANCE CO., Defendant-Appellee.
 No. 92-56412.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 9, 1994.
Decided April 28, 1994.
 
 Before: WALLACE, Chief Judge, FARRIS and KLEINFELD, Circuit Judges.
 
 MEMORANDUM
 
 1
 Chubb Custom Insurance Co. (Chubb) issued primary and umbrella insurance policies covering Independence Bank and its officers. The bank and its chairman, Fulvio Dobrich, brought suit alleging that Chubb refused to defend or indemnify them against four wrongful termination lawsuits. Chubb moved for summary judgment. The FDIC, as receiver for the bank, stipulated to a dismissal of its suit, leaving Dobrich as the only plaintiff.
 
 
 2
 The district court granted summary judgment to Chubb. The only issue on appeal is whether Chubb had a duty under the umbrella policy to defend Dobrich against the Landolfi lawsuit. Dobrich has conceded that Chubb had no duty to defend against the other three suits and that the primary policy created no duty to defend against the Landolfi suit.
 
 
 3
 A summary judgment is reviewed de novo. Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). We may affirm a district court's decision on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).
 
 
 4
 California law provides that "the insurer need not defend if the third party complaint can by no conceivable theory raise a single issue which could bring it within the policy coverage." Gray v. Zurich Ins. Co., 65 Cal.2d 263, 276 n. 15 (1966). The umbrella policy at issue in this case contains Endorsement 9, which specifically excludes from coverage claims "for, based on, attributable to, arising out of, resulting from or in any manner related to any actual or alleged termination of any employee." All of the liability theories alleged in the Landolfi complaint, including the allegations that Landolfi was not transferred pursuant to established personnel policy and that he was discouraged from participating in job postings, are related to his termination and, therefore, not covered by the umbrella policy.
 
 
 5
 Because Chubb has sustained its burden of proving the applicability of an exclusion, Loyola Marymount Univ. v. Hartford Accident & Indem. Co., 219 Cal.App.3d 1217, 1222 (1990), no duty to defend existed under the umbrella policy. We need not discuss whether the coverage existed without the exclusion or whether coverage was precluded by California Insurance Code Sec. 533.
 
 
 6
 AFFIRMED.